The Disciplinary Review Board having filed with the Court its decision in DRB 16-428, concluding that as a matter of reciprocal discipline pursuant to Rule 1:20-14(a)(4)(E), BARRY O. BOHMUELLER of HARLEYSVILLE, PENNSYLVANIA , who was admitted to the bar of this State in 1996, should be suspended from the practice of law for a period of two years based on his discipline in Pennsylvania for unethical conduct that in New Jersey constitutes violations of RPC 1.2(a) (failure to abide by the client's decisions concerning the scope and objectives of the representation); RPC 1.4(c) (failure to explain the matter to the extent necessary for the client to make informed decisions about the representation); RPC 1.5(e) (dividing a fee between lawyers not in the same firm); RPC 1.7(a)(2) (conflict of interest); RPC 5.1(c)(1) (ordering or ratifying another lawyer's unethical conduct); RPC 5.5(a)(2) (assisting a nonlawyer in the unauthorized practice of law); RPC 7.1(a)(1) (material misrepresentation about the lawyer's services); RPC 7.3(d) (compensating or giving something of value to a person to recommend the lawyer's employment by a client or as a reward for having made a recommendation resulting in the lawyer's employment by a client); RPC 8.4(a) (violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another); and RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);
And BARRY O. BOHMUELLER having been ordered to show cause why he should not be disbarred or otherwise disciplined;
And good cause appearing;
**503 It is ORDERED that BARRY O. BOHMUELLER is suspended from the practice of law for a period of two years, effective May 7, 2018 and until the further Order of the Court, and it is further
ORDERED that BARRY O. BOHMUELLER shall not seek reinstatement to the practice of law in New Jersey unless and until he is reinstated to the practice of law in Pennsylvania; and it is further
ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further
ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.